IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| IN THE MATTER OF A SUBPOENA ISSUED TO ▮▮▮▮ FOR INFORMATION RELATED TO USER ID and HANDLE ACCOUNT, ▮▮▮▮ ▮▮▮▮ | Case No. 18-mj-166<br><br>**Filed Under Seal** |

### APPLICATION FOR ORDER COMMANDING ▮▮▮▮ NOT TO NOTIFY ANY PERSON OF THE EXISTENCE OF A SUBPOENA

The United States requests that the Court order ▮▮▮▮ not to notify any person (including the subscribers and customers of the account(s) listed in the subpoena of the existence of the attached subpoena until further order of the Court.

▮▮▮▮ is a provider of an electronic communication service, as defined in 18 U.S.C. § 2510(15), and/or a remote computing service, as defined in 18 U.S.C. § 2711(2). This Court has authority under 18 U.S.C. § 2705(b) to issue "an order commanding a provider of electronic communications service or remote computing service to whom a warrant, subpoena, or court order is directed, for such period as the court deems appropriate, not to notify any other person of the existence of the warrant, subpoena, or court order." *Id.*

In this case, such an order would be appropriate because the attached subpoena relates to an ongoing criminal investigation that is neither public nor known to all of the targets of the investigation, and its disclosure may alert the targets to the ongoing investigation. Accordingly, there is reason to believe that notification of the existence of the attached subpoena will seriously jeopardize the investigation, including by giving targets an opportunity to flee, destroy or tamper with evidence, change patterns of behavior, intimidate potential witnesses, or endanger the life or physical safety of an individual. *See* 18 U.S.C. § 2705(b). Some of the evidence in this

investigation is stored electronically. If alerted to the existence of the warrant, the subjects under investigation could destroy that evidence, including information saved to their personal computers.

WHEREFORE, the United States respectfully requests that the Court grant the attached Order directing ▉▉▉ not to disclose the existence or content of the attached warrant, except that ▉▉▉ may disclose the attached warrant to an attorney for ▉▉▉ for the purpose of receiving legal advice.

The United States further requests that the Court order that this application and any resulting order be sealed until further order of the Court. As explained above, these documents discuss an ongoing criminal investigation that is neither public nor known to all of the targets of the investigation. Accordingly, there is good cause to seal these documents because their premature disclosure may seriously jeopardize that investigation.

Respectfully submitted on this 28th day of December, 2018.

RICHARD W. MOORE
UNITED STATES ATTORNEY

By: /s/ Christopher J. Bodnar
Christopher J. Bodnar
Assistant United States Attorney
United States Attorney's Office
63 South Royal Street, Suite 600
Mobile, Alabama 36602
Telephone: (251) 441-5845